UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Petitioner,<br><br>v.<br><br>RESPONSE MAKERS, LLC,<br><br>    Respondent. | Case No. 10cv1768-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER REQUIRING RESPONDENT TO FULLY COMPLY WITH PETITIONER'S CIVIL INVESTIGATIVE DEMAND** |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1)(B).

## **BACKGROUND AND DISCUSSION**

Pursuant to the authority conferred by Sections 9, 16 and 20 of the Federal Trade Commission Act, 15 U.S.C. §§ 49, 56, 57b-1, Petitioner, the Federal Trade Commission, has invoked the aid of this Court, pursuant to Fed. R. Civ. P. 81(a)(5), for an order requiring Respondent Response Makers, LLC to comply in full with the July 27, 2010 civil investigative demand issued to it in aid of a law enforcement investigation being conducted by the Commission (FTC File No. 1023000). See ECF No. 1[1]. Petitioner filed its petition seeking enforcement of the civil investigative demand by this Court on August 24, 2010. ECF No. 1. On August 31, 2010, this Court issued an Order to Show Cause Why Respondent Should Not Fully Comply with Petitioner's Civil Investigative Demand. ECF No.

---

[1] A redacted version of the civil investigative demand is attached as ECF No. 1-1, Ex. 2.

7. As detailed in Petitioner's September 9, 2010 Declaration of Service, Petitioner personally served the Court's August 31, 2010 order on a representative for Respondent who is authorized to accept service. ECF No. 8 (declaration confirming that Respondent's representative was personally served on September 3, 2010).

In this Court's August 31, 2010 order, the Court required Respondent to file, on or before September 16, 2010, "a brief providing legal and factual support for its failure to comply with the FTC's civil investigative demand and/or the FTC's procedures for seeking to quash or limit the civil investigative demand and explaining why this Order To Show Cause should not be granted." Id. Respondent failed to do so. The Court also ordered Respondent to appear for a hearing on September 30, 2010. Id. Respondent did not appear for the hearing. In fact, this Court has not received any communication from Respondent since the inception of this action.

The Court has considered Petitioner's Petition for an Order to Enforce a Civil Investigative Demand, as well as the papers filed in support thereof, and it appears to the Court that Petitioner has shown good cause for the entry of this order. This Court, therefore, **RECOMMENDS** that the petition be **GRANTED** and that Respondent be ordered to comply in full with the civil investigative demand. The Court further **RECOMMENDS** that the District Judge advise Respondent that failure to fully comply with his final order will be punishable as a contempt of court pursuant to 15 U.S.C. § 57b-1(h).

## CONCLUSION AND RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, and (2) ordering Respondent Response Makers, LLC to comply in full with Petitioner's civil investigative demand and produce to Petitioner, within ten days of the date of the District Judge's final order, all responsive documents and information in compliance with the civil investigative demand.

**IT IS ORDERED** that Petitioner serve a certified copy of this Order on Respondent or its counsel by personal service, or by certified or registered mail with return receipt

requested, or by overnight express delivery service on or before **October 15, 2010**.

**IT IS FURTHER ORDERED** that no later than **October 29, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later that **November 5, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.), 357 F.3d 900, 910 (9th Cir. 2004).

**IT IS SO ORDERED.**

DATED: October 5, 2010

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge