# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>                           Petitioner,<br>   vs.<br>RESPONSE MAKERS, LLC,<br>                           Respondent. | CASE NO. 10cv1768-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation for Order Requiring Respondent to Fully Comply with Petitioner's Civil Investigative Demand ("Report and Recommendation"), issued by Magistrate Judge Barbara L. Major. (ECF No. 10).

## BACKGROUND

On August 24, 2010, Petitioner Federal Trade Commission initiated this action by filing a "Petition of the Federal Trade Commission for an Order to Enforce a Civil Investigative Demand" ("Petition"). (ECF No. 1). Petitioner seeks to enforce an administrative subpoena against Respondent, Response Makers, LLC, pursuant to 15 U.S.C. §§ 56 and 57b-1, 28 U.S.C. §§ 1337 and 1345, and Federal Rule of Civil Procedure 81(a)(5). Petitioner states that on July 28, 2010, it served a civil investigative demand on Respondent, which directed Respondent to submit the response materials by August 4, 2010. Petitioner states that Respondent failed to submit responses by the deadline or to object or petition the Petitioner to quash or limit the civil investigative demand, as provided in 16 C.F.R. § 2.7(d)(1).

On August 31, 2010, the Magistrate Judge issued an Order to Show Cause Why Respondent Should Not Fully Comply with Petitioner's Civil Investigative Demand. (ECF No. 7). The Order to Show Cause required Respondent to appear for a hearing on September 30, 2010 and to file, on or before September 16, 2010, "a brief providing legal and factual support for its failure to comply with the FTC's civil investigative demand and/or the FTC's procedures for seeking to quash or limit the civil investigative demand and explaining why this Order To Show Cause should not be granted." *Id*. at 2.

On September 9, 2010, Petitioner filed a Declaration of Service, indicating that, on September 3, 2010, Respondent was personally served with the Order to Show Cause and the Petition. (ECF No. 8).

The docket reflects that Respondent failed to respond to the Order to Show Cause and failed to appear for the September 30, 2010 hearing before the Magistrate Judge.

On October 5, 2010, the Magistrate Judge issued the Report and Recommendation. (ECF No. 10). The Magistrate Judge stated:

> IT IS HEREBY RECOMMENDED that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, and (2) ordering Respondent Response Makers, LLC to comply in full with Petitioner's civil investigative demand and produce to Petitioner, within ten days of the date of the District Judge's final order, all responsive documents and information in compliance with the civil investigative demand....
>
> IT IS FURTHER ORDERED that no later than October 29, 2010, any party to this action may file written objections with the Court and serve a copy on all parties....
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later that November 5, 2010. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

*Id*. at 2-3 (citation omitted).

On October 15, 2010, Petitioner filed a Declaration of Service, indicating that Respondent was personally served with the Report and Recommendation on October 12, 2010. (ECF No. 11).

The docket reflects that Respondent failed to object or otherwise respond to the Report and Recommendation.

## DISCUSSION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

"The scope of the judicial inquiry in an ... agency subpoena enforcement proceeding is quite narrow. The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *E.E.O.C. v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (citations omitted). "If these factors are shown by the agency, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *Id.* (citations omitted).

Petitioner has authority to issue civil investigative demands or subpoenas, *see* 15 U.S.C. § 57b-1(c)(1), and this Court has jurisdiction to enforce them, *see* 15 U.S.C. § 57b-1(e), (h). Petitioner states that it is investigating whether Respondent "has engaged in acts or practices in violation of ... the Fair Credit Reporting Act ..., or ... the [Federal Trade Commission Act] ..., in connection with [Respondent's] marketing of 'prescreened lists' containing, *inter alia*, the names and contact information of consumers who meet certain criteria." (ECF No. 1-1 at 2). It is within Petitioner's authority to investigate acts and practices that may violate the Federal Trade Commission Act. *See F.T.C. v. Ken Roberts Co.*, 276 F.3d 583, 586-87 (D.C. Cir. 2001). Petitioner has made a sufficient showing that its procedural requirements were followed and that the materials sought would be relevant and material to Petitioner's investigation. Respondent has failed to object to the Civil Investigative Demand, the Petition, or the Report and Recommendation. After review of the Petition and the Report and Recommendation, the Court finds that the Report and Recommendation should be adopted.

//

//

CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED. (ECF No. 10).

IT IS FURTHER ORDERED that, no later than ten (10) days after the date this Order is filed, Petitioner shall serve a certified copy of this Order on Respondent or its counsel by personal service, or by certified or registered mail with return receipt requested, or by overnight express delivery service. Petitioner shall file proof of service no later than fourteen (14) days after the date this Order is filed. The Clerk of the Court shall send a certified copy of this Order to Petitioner.

IT IS FURTHER ORDERED that, no later than ten (10) days after service of this Order, Respondent Response Makers, LLC shall comply in full with Petitioner's Civil Investigative Demand and produce to Petitioner all responsive documents and information in compliance with the Civil Investigative Demand.

DATED: November 19, 2010

                                        *William Q. Hayes*
                              **WILLIAM Q. HAYES**
                              United States District Judge